UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Anger,

    Plaintiff, on behalf of all
    Others similarly situated,

v.                                                    Case No: 14-cv-12864
                                                     Hon. Victoria A. Roberts

Accretive Health, Inc. d/b/a Medical
Financial Solutions

    Defendant.
_____/

## I.   INTRODUCTION

Accretive Health Incorporated, doing business as Medical Financial Solutions ("Accretive Health"), filed a motion to dismiss Joseph Anger's (Anger) complaint. The Motion is fully briefed. The Court **GRANTS IT IN PART and DENIES IN PART.**

## II.   BACKGROUND

Anger's son incurred a medical bill for $419.01 at St. Mary's of Michigan Standish Hospital. Through a payment plan with St. Mary's Hospital, Anger agreed he would pay $50.00 every two weeks until the bill was paid in full. Anger says he made four timely payments in March and April of 2014 and was compliant at all times with the payment agreement.

On May 5, 2014, Accretive Health sent a letter to Anger stating that his outstanding balance of $219.01 was "due upon receipt." The letter asked Anger to contact Accretive Health, and identified itself as an entity that is "a non-credit reporting, third party agency." And, "our company works directly with St. Mary's of Michigan

1

Standish Hospital to ensure your account is protected from moving further into collections." (Doc. # 13-2).

On May 15, 2014, Accretive Health spoke to Anger's wife, and stated that it had no record of Anger's alleged payment plan with St. Mary's Hospital, but agreed to make an alternative payment arrangement; Anger would pay $50.00 a month to St. Mary's Hospital. Anger says that although he made this alternative agreement, he still paid 50.00 every two weeks in compliance with his original agreement.

On May 29, 2014, Accretive Health sent another letter to Anger. This letter stated a past due balance of $169.01. Again, the letter urged Anger to contact Accretive Health and resolve the outstanding balance. It also stated that Accretive Health's records did not reflect a "recent payment or an active payment arrangement." (Doc. # 13-3).

Anger filed a class action suit against Accretive Health alleging violations of 15 U.S.C. §§ 1692, the Fair Debt Collection Practices Act ("FDCPA"). He says Accretive Health is a debt collector covered under the act and its practices violated §§ 1692e and 1692f. Moreover, Anger alleges violations of Michigan and various other state collection practices and consumer protection laws.

Accretive responded with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accretive says it did not violate the FDCPA because it is not a debt collector. Moreover, even if it is a debt collector under the FDCPA, Anger fails to plead any factual allegations that state a violation of the statute. As far as Anger's proposed class action is concerned, Accretive says Anger lacks standing to sue in jurisdictions outside of Michigan.

**III.    STANDARD OF REVIEW**

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When a complaint is challenged under Rule 12(b)(6), a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Although the court primarily considers the allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

**IV.**     **DISCUSSION**

    **A.**     **Accretive Health is a "Debt Collector" Under the FDCPA**

The FDCPA defines debt collector as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

3

> or asserted to be owed or due another... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C.A. § 1692a. The FDCPA excludes from its definition of "debt collector" "any person collecting or attempting to collect any. . .debt which was not in default at the time it was obtained by such person. "15 U.S.C. § 1692a(6)(F)(iii). While an entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired, the Sixth Circuit has noted that FDCPA's definition of debt collector includes "any non-originating debt holder that either acquired a debt in default or has *treated* the debt as if it were in default at the time of acquisition." *Bridge v. Ocwen Fed. Bank*, FSB, 681 F.3d 355, 362 (6th Cir. 2012) (emphasis added). It does not matter whether such treatment was due to a clerical mistake, other error, or intention. *Bridge v. Ocwen Fed. Bank*, FSB, 681 F.3d 355, 362 (6th Cir. 2012).

      The Sixth Circuit, and many other circuits, have yet to define when a debt collector has treated a debt as defaulted. Some courts note that the length of time a debt has been outstanding may indicate that the agency treated the debt as if it was defaulted. See, *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003) ("In applying the FDCPA, courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default."). Other courts note that letters communicating a sense of urgency may indicate that the agency treats the debt as if it has defaulted, thus, qualifying the agency as a debt collector under the FDCPA. See,

4

*Church v. Accretive Health, Inc.*, No. CIV.A.14-0057-WS-B, 2014 WL 7184340, at *6 (S.D. Ala. Dec. 16, 2014).

Accretive Health is a debt collector under the FDCPA. Accretive sent two letters to Anger which gave a sense of urgency and indicated that Accretive Health treated Anger's debt as if it was in default. For instance, the first letter dated May 1, 2014, says "[o]ur company works directly with St. Mary's of Michigan Standish Hospital to ensure your account is protected from moving *further into collections*." See, (Doc. # 13-2) (emphasis added). The phrase "further into collections" gives the impression that the account is already defaulted and collection activity has begun. See, *Church*, 2014 WL 7184340, at *6 noting ("[the] language in the letter warning that [plaintiff's] account may move 'further into collections' suggests that default had already occurred.").

Moreover, the second letter, dated May 29, 2014, sent less than two weeks after Accretive Health allegedly agreed to a payment plan, contained even more coercive language. It noted that Anger's account was "past due" and that "[o]ur records do not reflect a recent payment or active payment arrangement. We encourage you to take advantage of this opportunity to resolve this unpaid balance as soon as possible." (Doc. # 13-3). Again, Accretive Health warns Anger that his account may move "further into collections." The language of the letters and Accretive Health's conduct of communicating with Anger multiple times in a short time span indicates that Accretive Health treated Anger's debt as if is was defaulted. Thus, it is a debt collector under the FDCPA.

      **B.    Anger's Pleading of FDCPA 1692e and 1692f Claims**

Accretive Health says Anger fails to sufficiently plead plausible facts that would

support FDCPA claims under sections 1692e and 1692f. It says Anger failed to demonstrate how Accretive Health misrepresented the character or amount of his debt to St. Mary's Hospital. Accretive Health also says Anger fails to show that Accretive Health's statements were materially misleading. Moreover, Accretive Health argues that Anger's claim under § 1692f must fail because the conduct he alleges that violates that section fits within another provision of the FDCPA.

Anger disagrees. He says his factual allegations suffice under *Twombly*. Anger says Accretive Health's misrepresentations caused him confusion and delay and unnecessary communications between the parties. In addition, Anger says sections 1692e and 1692f are not mutually exclusive; he can assert violations of various provisions of the FDCPA for the same conduct.

Both parties agree that Anger's state law claims rise or fall with his federal claims. Thus, for his state claims to survive, the Court must find that Anger sufficiently pled a claim under the FDCPA.

Section 1692e says, among other things, that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. [including] [t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e2(A).

To determine if a debt collector's actions are false, deceptive, or misleading under § 1692e, courts use the 'least sophisticated consumer' standard. *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 450 (6th Cir. 2014). This standard seeks to protect "all consumers, the gullible as well as the shrewd." *Id.* The standard assumes that consumers of below-average sophistication or intelligence are especially

6

vulnerable to fraudulent schemes. *Id.*

Moreover, a debt collector's statement must be materially false or misleading to violate Section 1692e. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). A statement is materially false or misleading if it "would tend to mislead or confuse the reasonable unsophisticated consumer." *Id.* at 327.

Anger sufficiently pled a cause of action under section 1692e. The Complaint says Accretive sent Anger letters misstating the nature of his debt. For instance, the second letter dated May 29, 2014 says "[o]ur records do not reflect a recent payment or active payment arrangement." However, two weeks earlier, Anger and Accretive Health allegedly entered into an agreement in which Anger would pay $50.00 a month. Accretive Health's statement that its records did not reflect a payment plan was materially misleading and would confuse the least sophisticated consumer. Moreover, such a statement leads to the inference that Accretive Health is not honoring its agreements and a person could be unfairly pressured into paying more than what was agreed upon in the payment arrangement. Thus, Anger alleged a violation of § 1692e.

Moreover, Anger can assert a cause of action under § 1692f, even if the alleged illegal conduct fits within § 1692e. "While 'misleading' practices under § 1692e and 'unfair' practices under § 1692f [refer to] separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014). Anger alleges that Accretive Health's practices were both misleading and unfair. The FDCPA is a broad statute that allows Anger to assert claims under multiple sections. Consequently, Anger can allege violations of sections 1692e and 1692f.

Since Anger's FDCPA claims survive, Count II of his Complaint alleging a violation of Michigan law also survives.

### C.     Anger Lacks Standing to Sue in Different Jurisdictions

Anger seeks to be the class representative in a class action against Accretive Health claiming violations of various state consumer protection and credit statutes. Anger relies *on Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) to argue that class certification issues are "logically antecedent" to Article III concerns. Thus, Anger says Rule 23 certification should be treated before examining Anger's standing. In *Ortiz* and *Amchem*, the court considered the standing of unnamed plaintiffs involved in a global settlement against an asbestos manufacturer. In *Ortiz*, the petitioners argued that " the class claims were nonjusticiable under Article III because the "vast majority" of the "exposure-only" class members were without injury in fact and hence lacked standing to sue. *Ortiz*, 527 U.S. at 831. The Supreme Court noted that "ordinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits." *Id*. However, in the special circumstance of reviewing certification of a mandatory settlement class, the class certification issues are "logically antecedent" to Article III concerns and pertain to statutory standing, which may properly be treated before Article III standing. *Id*.

Accretive Health says Anger lacks Article III standing to pursue claims under state laws outside of Michigan. It relies on *Lewis v. Casey*, 518 U.S. 343 (1996) to argue  "[t]hat a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified

8

members of the class to which they belong and which they purport to represent."
Accretive also relies on *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 153 54 (E.D. Pa. 2009), which explained:

> the standing issue in *Ortiz* and *Amchem* related to proposed class members, i.e., persons who were not yet parties to the case. It would be illogical to find that a non-party lacks standing to pursue a claim precisely because they are not pursuing a claim. Thus, the question of whether the proposed class members could become parties to the case was logically antecedent to the question of whether they had standing to make claims against the defendants in those cases. . . [If] the Court found that certification of the proposed class was improper, the issue of certain class members' standing would have been moot.

There is a split among federal courts as to the application of the "logical antecedent" language and whether standing can or should be considered prior to class certification. See, *Easter v. Am. West Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (noting that Ortiz "does not require courts to consider class certification before standing.") contrast *Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662, 668 (E.D. Mich. 2008) (noting that "the decision on class certification is logically antecedent to the determination of standing."). The Sixth Circuit has not addressed the issue directly. *Id.* at 667.

The Court finds Accretive Health's authorities and reasoning persuasive. "[I]ndividual standing is a prerequisite for all actions, including class actions." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir.1998). The "logical antecedent" language should be construed to allow for the consideration of Article III standing now, prior to class certification, rather than later. See*, Smith v. Lawyers Title Ins. Corp.*, No. 07-12124, 2009 WL 514210, at *3 (E.D. Mich. Mar. 2, 2009); *Easter*, 381 F.3d at 962.

Anger's class action claims are dismissed; he lacks standing. Anger is the only

9

named plaintiff and he fails to allege an injury in fact outside the state of Michigan and none of his claims hinges on the laws of other states.

Finally, the manner in which Anger pled his class counts is insufficient. In Counts III-V, Anger merely cites the statutes of 32 states. It is unclear what the requirements of those statutes are, and whether Accretive Health's conduct alleged in the earlier paragraphs implicates those statutes. Consequently, Anger lacks standing to bring claims arising under the laws outside the state of Michigan; Counts III - V are dismissed.

## V. CONCLUSION

Defendant's Motion is **DENIED IN PART** and **GRANTED IN PART**. Counts III-V of Anger's Complaint are **DISMISSED**.

**IT IS ORDERED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: August 27, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 27, 2015.
>
> S/Carol A. Pinegar  
> Deputy Clerk