# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| Joseph Anger, et al., | ) | |
| | ) | |
| *Plaintiffs*, on behalf of all others similarly situated, | ) | Case No. 2:14-cv-12864 |
| v. | ) | District Judge Victoria A. Roberts |
| | ) | |
| Accretive Health, Inc. d/b/a Medical Financial Solutions, | ) | Magistrate Judge Mona K. Majzoub |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds ("Final Approval Motion") of plaintiffs Joseph Anger, Delione Galbraith, Johnnie Mae Jones, Rochelle Jones, Terri Meyerhoff, John Bernard Weisend, Jr., and John Weisend III ("Plaintiffs").

On July 22, 2014, Plaintiff Joseph Anger filed a class action complaint (hereinafter referred to as the "Lawsuit") against Accretive Health Inc., which has since changed its name to R1 RCM, Inc. ("R1"), in the United States District Court for the Eastern District of Michigan, Case No. 4:13-CV-10017-TGB-RSW, asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, et seq. and the Michigan Occupational Code (the

"MOC"), MCL § 339.916(2). R1 has denied any and all liability alleged in the Lawsuit.

On February 23, 2017, after extensive arms-length negotiations, Plaintiffs and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On May 10, 2017, the Plaintiffs filed the Settlement Agreement, along with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement, Attorneys Fees and Costs, Class Notice, and Other Relief. On May 19, 2017, Defendant submitted a Response to Plaintiffs' Motion, concurring in the relief sought.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant caused to be served written notice of the proposed class settlement on the United States Attorney General and the Attorney General of Michigan.

On June 13, 2017, upon consideration of Plaintiff's Unopposed Preliminary Approval Motion, Defendant's Response, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs (hereinafter

referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed plaintiffs Joseph Anger, Delione Galbraith, Johnnie Mae Jones, Rochelle Jones, Terri Meyerhoff, John Bernard Weisend, Jr., and John Weisend III as Class Representatives; (iv) appointed Dave Honigman, Gerard V. Mantese, Krista M. Hosmer, and Jordan B. Segal of Mantese Honigman, P.C. and James C. Warr of James C. Warr & Associates, P.L.C., as Class Counsel; (v) approved the Notice Plan as set forth in the Settlement Agreement; (vi) approved the opt out and exclusion terms as set forth in the Settlement Agreement; and (vi) set the date and time of the Final Approval Hearing.

On September 20, 2017 the Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"), and Defendant filed its response concurring in the relief sought.

On October 4, 2017, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

he Court has read and considered the Settlement Agreement, Motion for Final Approval, Defendant's Response thereto, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      The terms of the Settlement Agreement are approved as fair, reasonable, and adequate. The Settlement Agreement is in the best interests of the Class Members, especially in light of the benefits to the Class Members; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class under the FDCPA. *See UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (setting forth factors that govern the inquiry of whether a class action settlement is fair, reasonable, and and adequate). Indeed, the settlement provides monetary relief to class members in excess of more than double the limits imposed by the FDCPA. In light of R1's public market valuation, the FDCPA limits statutory damages to a maximum of $500,000.00. *See* 15 U.S.C. § 1692k(A)(2)(B). By paying settlement funds to the *Cy Pres* Recipient, RIP Medical Debt, the Settlement Agreement will benefit Michigan consumers more than they would be able to recover under the federal statutory maximum should Plaintiffs succeed at trial and

4

on appeal and more than if the settlement funds are simply distributed directly to class members.

3.     The Court finds that the prerequisites for certification of a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) – including numerosity, commonality, typicality, adequacy, predominance, and superiority – have been satisfied.  Namely:

(a)     The Class Members (621,408) are so numerous that joinder of all of them in the Lawsuit is impracticable;

(b)     The claims of the Named Plaintiffs are typical of the claims of the Class Members.  In particular, class members share the same claims that the form letters the Defendant sent them were deceptive and failed to disclose certain information;

(c)     There are questions of law and fact common to the Class Members, which predominate over any individual questions.  Some of those common questions include whether R1 failed to make certain disclosures in its form letters required under the FDCPA and MOC;

(d)     The Plaintiffs have fairly and adequately represented and protected the interests of all of the Class Members. Named Plaintiffs have the same interests in pursuing their claims as the other Class Members, and they

have engaged in protracted litigation to pursue those claims on behalf of the class;

(e) Class Counsel has represented and protected the interests of all of the Class Members;

(f) Class treatment of these claims is superior to other available methods for a fair and efficient adjudication of this controversy.

4. Pursuant to Rule 23(b)(3), the Court hereby certifies the following Settlement Class:

> All Class Members excluding: (1) Class Members who properly executed and filed a timely request for exclusion from the Settlement Class; (2) Class Members whose Released Claims against the Defendant have already been fully and finally adjudicated and/or released; and (3) the legal representatives, successors and assigns of the Class Members referenced in Sub-Paragraphs 1.35(1) and 1.35(2) [of the Settlement Agreement], but only with respect to the Released Claims.

As defined within the Settlement Agreement, "Class Member" is defined as a "Person who falls within the definition of the "Class," which is defined as follows:

> All Persons in the State of Michigan who were sent one or more Letters by or on behalf of Defendant between July 22, 2008 and the date on which the Court enters its Preliminary Approval Order certifying the Class, excluding: (1) any Judge or Magistrate presiding over this Action and members of their immediate families; and (2) the Defendant, the Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and

employees.

5.     In addition to those Class Members who properly executed and filed a timely request for exclusion from the Settlement Class, the following individuals are excluded from the Settlement Class:

        (a)    Renuka Sivapalan

        (b)    Joan I. Ulmer

        (c)    Sandra Erickson

        (d)    Frederick Jordan

        (e)    Iva West

6.     Plaintiffs Joseph Anger, Delione Galbraith, Johnnie Mae Jones, Rochelle Jones, Terri Meyerhoff, John Bernard Weisend, Jr., and John Weisend III are hereby appointed as Class Representatives.

7.     The following counsel are hereby appointed as Class Counsel:

Mantese Honigman, P.C.
David M. Honigman
Gerard V. Mantese
Krista M. Hosmer
Jordan B. Segal
1361 E. Big Beaver Road
Troy, MI 48083
Tel: (248) 457-9200

James C. Warr & Associates, P.L.C.
James C. Warr
24500 Northwestern Hwy., Ste. 205
Southfield, MI 48075
Tel: (248) 357-6493

8. As certification of the class is for settlement purposes only, this Court has made no evaluation of manageability in the certification of the settlement class.

9. The Court recognizes that, pursuant to the Settlement Agreement, Defendant R1 retains all rights to object to the propriety of class certification in any other context and for any other purposes other than certification of the Settlement Class herein.

10. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons requested exclusion from the Settlement Class in a timely and proper manner as provided in this Court's Preliminary Approval Order, or is an individual listed in Paragraph 5. Settlement Class Members who did not timely and validly request exclusion and who are not listed in Paragraph 5 shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against R1 relating to the claims released under the terms of the Settlement Agreement.

11. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the

circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

12. The terms in the Settlement Agreement and Plan of Distribution of the Settlement Funds as described in Plaintiffs' Motion for Final Approval are finally approved and shall be consummated in accordance with the terms and provisions thereof. Namely:

(a) Defendant will contribute monetary relief totaling 1.3 million U.S. dollars ($1,300,000.00) to the Settlement Fund.

(b) The Settlement Administrator will pay or cause to be paid from the Settlement Funds, payment of the Settlement Notice and Administration Expenses, payment of the Fee Award, payment of the incentive awards, and payment of any Remaining Funds to the Cy Pres Recipient. Class Counsel shall direct the Cy Pres Recipient to administer and distribute the remaining funds to Class Members in accord with the terms of the Settlement Agreement.

(c) This Court finds Class Counsel's request for an award of attorneys' fees, costs and expenses to be fair and reasonable, as set forth in Exhibit 25 of the Preliminary Approval Motion, and the request for fees of one-third (1/3) of the Settlement Fund, or $433,333.29, is approved. In no event will Defendant R1 or its affiliates be required to contribute any funds

over and above the Settlement Fund to cover the incentive awards, attorneys' fees, and/or litigation costs and expenses.

(d)     This Court approves the incentive award of fifteen thousand dollars ($15,000.00) for each of the seven Named Plaintiffs, as the incentive awards are both fair and reasonable.

(e)     R1 shall perform all of the acts that it is required to perform pursuant to the terms of the Settlement Agreement, including paragraphs 2.3(a)-2.3(f) of the Settlement Agreement.

13.     No Settlement Class Member who did not timely and validly opt out of the Settlement Agreement may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with response to any claim released by the Settlement.

14.     This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or any other proceeding.

15.     This Lawsuit is hereby dismissed with prejudice in all respects.


**IT IS SO ORDERED**.


Dated: <u>October 11, 2017</u>          <u>S/Victoria A. Roberts</u>
                                        United States District Judge